UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, the CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, <br><br> Petitioners, <br><br> v. <br><br> GENRUS CORP., <br><br> Respondent. | **OPINION AND ORDER** <br><br> 21 Civ. 2090 (ER) |

Ramos, D.J.:

The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York (the "Funds"), along with the New York City District Council of Carpenters (the "Union," and together "Petitioners") petition the Court to confirm an arbitration award against Genrus Corp. ("Genrus"). Doc. 1. For the reasons set forth below, the petitioners' motion is granted.

### I. Factual Background

Petitioners Trustees of the New York City District Council of Carpenters Pension Welfare, Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry

Fund (the "ERISA Funds") are employer and employee trustees of multi-employer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"). Doc. 1 ¶ 4. They are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). *Id.* Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). *Id.* ¶ 5. Petitioner Carpenter Contractor Alliance of Metropolitan New York (the "CCA") is a New York not-for-profit corporation. *Id.* ¶ 6. Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. § 142, and is the certified bargaining representative for certain Genrus employees. *Id.* ¶ 7.

Genrus is a corporation incorporated under the laws of the State of New York. *Id.* ¶ 8. At the relevant times, Genrus was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. *Id.*

Between August 2014 and January 2018, Genrus executed a series of letters of assent, which bound it to the New York City Agency Renovation and Rehabilitation of City Owned Buildings and Structures Project Labor Agreement and the New York City Housing Authority Project Labor Agreement (together, the "Project Labor Agreements"). *Id.* ¶¶ 9-10. Through the Project Labor Agreements, Genrus became bound to various collective bargaining agreements with the Union, including the 2011-2015 Independent Building Construction Agreement (the "2011-2015 CBA"), which renews annually unless

terminated by a party. *Id.* ¶¶ 11-12; *see* Doc. 1-4. In 2017, the Union promulgated the 2017-2024 Independent Building Construction Agreement, a successor agreement to the 2011-2015 CBA (together, "the CBAs"). Doc. 1 ¶ 14; *see* Doc. 1-5. The CBAs require Genrus to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union and to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with the required benefit fund contribution. Doc. 1 ¶¶ 18-19. The CBAs provide for arbitration to resolve disputes over unpaid contributions. *Id.* ¶ 22. In the event that arbitration proceedings are instituted, the arbitrator is empowered to award interest, liquidated damages, and costs, and if the Funds are required to arbitrate or litigate against an employer, they are entitled to collect interest on unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs incurred in collecting delinquencies. *Id.* ¶¶ 24-25.

An audit of Genrus' books and record for the period from January 1, 2017 through March 24, 2019 revealed that Genrus had failed to remit all required contributions to the Funds. *Id.* ¶ 27. Pursuant to the CBAs' arbitration clause, Petitioners initiated arbitration proceedings against Genrus before designated arbitrator Roger E. Maher ("the Arbitrator"). *Id.* ¶ 28. Notice was provided to Genrus by regular and certified mail. *Id.* By letter dated July 13, 2020, the Arbitrator scheduled the first arbitration hearing for September 16, 2020; by letter dated September 18, 2020, he scheduled a subsequent hearing for December 3, 2020. *See* Docs. 1-8, 1-9. The letters warned that failure to appear might result in default judgment.

At the first arbitration hearing on September 16, 2020, the parties reached a tentative agreement that if the settlement amount of $12,791.15 was not received by the Funds by the date of the next hearing, the original claim of $21,250.50 would be awarded. Doc. 1-10 at 1. On December 3, 2020, the Arbitrator conducted a subsequent arbitration hearing, and Genrus failed to appear. *See* Doc. 1-10 at 2. The Arbitrator determined that Genrus had legally sufficient notice of the arbitration proceeding and of the claims against it. *Id.* At the hearing, Petitioners submitted evidence that Genrus was bound by the CBAs, that an audit of Genrus' books and records had been performed, and that the audit revealed delinquencies in Genrus' contributions due to Petitioners for the period from January 1, 2017 through March 24, 2019. *Id.* The Arbitrator heard testimony from the auditor employed by the Petitioners who conducted the audit and received the audit report into evidence, finding the evidence presented credible. Doc. 1-10 at 2-3.

On December 5, 2020, the Arbitrator issued an award ordering Genrus to pay $21,250.50, which included the unpaid contributions, interest, promotional fund contributions, a bounced check fee, court costs, and audit costs, as well as $7,765.88 in liquidated damages, $1,500 in attorneys' fees, and $1,000 in arbitration costs, less a prior payment. Doc. 1 ¶ 30; Doc. 1-10 at 3. The Arbitrator also found that interest of 5.25% should accrue on the award from the date of issuance of the award. Doc. 1 ¶ 31; Doc. 1-10 at 3. Genrus has not complied with the award. Doc. 1 ¶ 32.

On March 10, 2021, Petitioners filed the instant petition to confirm the arbitration award. Doc. 1. Petitioners served Genrus on March 23, 2021. Doc. 8. Genrus failed to respond within 21 days. Accordingly, the petition is considered unopposed.

## II. Legal Standard

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006). The court is required to grant the award "unless the award is vacated, modified, or corrected." *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court

should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.") (internal quotation marks and citation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."

*Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.   Discussion

The Court finds that there is sufficient justification for this award. *Landy*, 954 F.2d at 797. The Arbitrator heard testimony, reviewed the CBAs, and reviewed Petitioners' submission, including the audit report. Doc. 1-10 at 2. That evidence reflected that Genrus owed contributions and interest for the relevant time period. Under the CBAs, Genrus is responsible for these contributions and interest. The award therefore reflects Genrus' obligations under the CBAs and the Project Labor Agreements. "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) (citation omitted).

The Court also finds that the award as to attorney's fees and costs is appropriate. Genrus has not appeared in this case and has not attempted to modify or vacate the award. Courts "have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases).

Finally, the Court grants post-judgment interest on the award pursuant to 28 U.S.C. § 1961(a). *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

## IV.  Conclusion

For all of these reasons, the petition is granted, and the arbitration award is confirmed. The Clerk is respectfully directed to enter judgment in favor of Petitioners in the amount of $21,250.50, plus 5.25% annual interest on the award from December 5, 2020, through the judgment date. Genrus is also ordered to pay $1,610 in attorneys' fees and $75 in costs arising from this petition. This judgment shall accrue post-judgment interest pursuant to § 1961. The Clerk is further directed to mail a copy of this decision to Genrus at the following address:

> Genrus Corp.
> 200-31 Linden Blvd.
> St. Albans, NY 11412
> Attn: Nigel Marcellin

and to close the case.

    SO ORDERED.

Dated:    November 2, 2021
          New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.

8